**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIO RODRIGUEZ** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **VS.** | § | |
| | § | |
| **OCEAN HARBOR CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **JURY DEMANDED** |

---

### NOTICE OF REMOVAL

---

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, OCEAN HARBOR CASUALTY INSURANCE COMPANY ("Ocean Harbor" or "Defendant"), Defendant herein, removes to this Court the state court action pending in the 165th Judicial District Court of Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### I.      BACKGROUND

1.      On August 23, 2019, Plaintiff Mario Rodriguez ("Plaintiff") filed the present action in the 165th Judicial District Court of Harris County, Texas, bearing Cause No. 2019-59233 (the "State Court Action") against Ocean Harbor.[1] *See* State Court Action Petition, attached hereto as **Exhibit B**.

2.      Ocean Harbor was served/received notice of this lawsuit on September 16, 2019. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendant, as it is filed not more than thirty (30) days after service of the Petition on Ocean

---

[1] The property made the basis of Plaintiff's lawsuit is situated in Brazoria County, Texas. Thus, Defendant filed a Motion to Transfer Venue concurrently with the filing of its Original Answer in the State Court Action on October 7, 2019. A true and correct copy of *Defendant's Motion to Transfer Venue, and Subject to, Verified Original Answer to Plaintiff's Original Petition* is attached hereto under **Exhibit B**.

Harbor, in accordance with 28 U.S.C. §§ 1441 and 1446.

## II.    BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Ocean Harbor, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.    Complete diversity exists between Plaintiff and Ocean Harbor.**

4.      Plaintiff's State Court Action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiff is a citizen of Texas. In his Petition, Plaintiff alleges that he is a Texas resident who resides in Brazoria County, Texas, and purchased the insurance policy for his dwelling he owns in Alvin, Texas.[2]

6.      Ocean Harbor is not a citizen of the State of Texas. Ocean Harbor is a foreign organization incorporated pursuant to the laws of the State of Florida and has its principle place of business is in Florida.

7.      Thus, there is complete diversity of citizenship between Plaintiff and Ocean Harbor.

**B.    Amount in Controversy Exceeds $75,000.**

8.      Plaintiff's Original Petition states that he "seeks monetary relief under $100,000.00, including damages of any kind…"[3] Plaintiff's Petition also states that Plaintiff "seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs,"[4] and "the matter in controversy does not exceed the sum or value

---

[2] *See* Petition, at ¶¶ 4 and 10; *see also* supra FN 1.
[3] *Id.* at ¶ 2.
[4] *Id*.

of $75,000, exclusive of interest and costs."[5] However, Texas law does not permit a plaintiff to plead a specific amount of damages.[6] Rule 47 of the Texas Rules of Civil Procedure requires an initial pleading to elect from among a pre-defined set of ranges of damages; the Rule does not permit a plaintiff to plead that Plaintiff will never ask for a, receive or take a judgment for any amount over $75,000.00.[7] Plaintiff's Original Petition fails to comply with Rule 47 of the Texas Rules of Civil Procedure. A bare assertion in a pleading that damages are less than $75,000, without more, is not binding on Plaintiff and does not determine the amount in controversy for purposes of federal jurisdiction.[8]

9.     Courts may look past the pleadings to analyze a plaintiff's pre-suit demand as well as all categories of damages sought in the lawsuit, including punitive damages.[9] Here, this analysis plainly sets the amount in controversy past the $75,000 threshold for this Court's jurisdiction.[10]

10.     In his pre-suit demand, dated July 17, 2018, Plaintiff claimed his incurred economic damages, couples with his incurred attorney's fees and related expenses totaled $25,315.78.[11] The demand goes on to state that if litigation ensues, those amounts would be

---

[5] *See* Petition, at ¶ 2.

[6] TEX. R. CIV. P. 47(b)-(c).

[7] Petition, at ¶ 2; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); *Ford v. United Parcel Service, Inc. (Ohio)*, No. 3:14-cv-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (Fitzwater, J.) (There is no provision in Rule 47 permitting a plaintiff to plead for damages "not to exceed $74,000"); *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 WL 641634, at *2 (S.D. Tex. Feb. 18, 2016) (Alvarez, J.) (Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000); *Manesh v. Nationwide General Insurance Company*, No. 5:17-CV-1213-DAE, 2018 WL 1887291, at *2 (W.D. Tex. Mar. 2, 2018) (Ezra, D.) (finding that the language in plaintiffs state court petition "damages are less than $75,000, exclusive of interest and costs," did not control because it violated TRCP 47 and constituted bad faith).

[8] *Ford v. United Parcel Service (Ohio)*, 2014 WL 41059565 at *4; *Manesh v. Nationwide General Insurance Company*, 2018 WL 1887291 at *2.

[9] *See Villarreal v. State Farm Lloyds*, No. 7:15-CV-292, 2015 WL 5838876, at *2 (S.D. Tex. Oct. 7, 2015) (Alvarez, J.).

[10] *See* **Exhibit C**, Plaintiff's demand letter dated July 17, 2018; *see also Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807-08 (W.D. Tex. 2008) (Martinez, J.) (considering pre-suit demand to establish amount in controversy).

[11]

"adjusted to reflect additional time and expense incurred."[12] Plaintiff's Petition asserts the following causes of action: Breach of Contract, violations of Chapter 542 of the Texas Insurance Code-Prompt Payment provision in which he seeks recovery of 18% interest, and violations of Chapter 541 of the Texas Insurance Code.[13] Further, Plaintiff seeks the recovery of attorneys' fees, and treble damages.[14]

11.     The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibits B and C**. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.   VENUE

12.     Venue for removal is proper in this district and division because this district embraces the 165th Judicial District Court of Harris County, Texas, the forum in which the removed action was pending.

### IV.   ATTACHMENTS

13.     Ocean Harbor will promptly provide written notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and to the Clerk of the Court for the 165th Judicial District Court of Harris County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

14.     Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

15.     The following documents are being filed with this Court as exhibits to this Notice of Removal:

---

[12] *See* **Exhibit C**.
[13] *See* Plaintiff's Original Petition, at ¶¶ 17-28.
[14] *Id*. at ¶¶ 25, 31.

A.    **Index of Matters Being Filed;**

B.    **All executed process in this case, including a copy of the Plaintiff's Original Petition and a copy of Defendant's Motion to Transfer Venue, and Subject to, Verified Original Answer;**

C.    **Plaintiff's Pre-Suit Demand Letter;**

D.    **List of all Counsel of Record;**

E.    **Civil Cover Sheet.**

## V.    CONCLUSION

16.    Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant, Ocean Harbor Casualty Insurance Company, respectfully prays that the state court action be removed and placed on this Court's docket for further proceedings as though it had originated in this Court and that this Court issue all necessary orders. Ocean Harbor further requests any additional relief to which it may be justly entitled.

DATE: October 16, 2019.

Respectfully submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: */s/ Sarah R. Smith*
    Sarah R. Smith
    Texas State Bar No. 24056346
    USDC-SD Texas No. 1196616
    Sarah C. Plaisance
    Texas State Bar No. 24102361
    USDC-SD Texas No. 3310762
    24 Greenway Plaza, Suite 1400
    Houston, Texas 77046
    Telephone: 713.659.6767
    Facsimile: 713.759.6830
    sarah.smith@lewisbrisbois.com
    sarah.plaisance@lewisbrisbois.com

    ATTORNEYS FOR DEFENDANT,
    OCEAN HARBOR CASUALTY INSURANCE
    COMPANY

## CERTIFICATE OF SERVICE

    Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on October 16, 2019, via e-filing addressed to:

Anthony G. Buzbee
Christopher  J. Leavitt        ***Via Eserve***
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300
Houston,  Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com
*Attorneys for Plaintiff*

        */s/ Sarah R. Smith*
        Sarah R. Smith