# EXHIBIT B

8/23/2019 1:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36231569
By: Miaeda Hutchinson
Filed: 8/23/2019 1:44 PM

### CAUSE NO. _____

| | | |
|---|---|---|
| MARIO RODRIGUEZ, | § | IN THE DISTRICT COURT OF |
| *Plaintiff* | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | _____ JUDICIAL DISTRICT |
| OCEAN HARBOR CASUALTY | § | |
| INSURANCE COMPANY | § | |
| *Defendant* | § | **JURY TRIAL DEMAND** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Mario Rodriguez ("Plaintiff") and files this Original Petition against Ocean Harbor Casualty Insurance Company ("Defendant") and, in support of thereof, would respectfully show the Court the following:

### I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF

1.     Plaintiff intends to conduct discovery under Level 2.  Tex. R. Civ. P. 190.3.

2.     Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.   Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs.  Removal would be improper because there is no federal question.  Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America.  28 U.S. Code § 1331.  Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II.   CONDITIONS PRECEDENT

3.      Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III.   PARTIES, JURISDICTION AND VENUE

**A.   PARTIES**

4.      Plaintiff Mario Rodriguez is a Texas resident, who resides in 2435 Davis Bend, Alvin, Brazoria County, Texas.

5.      Defendant Ocean Harbor Casualty Insurance Company is an insurance company doing business in the State of Texas, which may be served through CT Corporation System 350 North St Paul Street, Dallas, TX 75201.

**B.   JURISDICTION**

6.      The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7.      The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws.  Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas.   This activity was not the unilateral activity of another party or a third person.

8.     Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities.  The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9.     The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas.   As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

**C.     VENUE**

10.     Venue is proper in Brazoria County because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazoria County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(l).  The property subject to this dispute and which is owned by Plaintiff is located in Brazoria County.  The insurance policy insuring the property was executed in Brazoria County. The damage to the property resulted from an event or occurrence in Brazoria County.  The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Brazoria County.

## IV.    FACTUAL BACKGROUND

11.    Mario Rodriguez is a named insured under a property insurance policy issued by Ocean

Harbor Casualty Insurance Company.  The policy number is ***7407.

12.    Hurricane Harvey caused major wind damage to thousands of homes in the Southeast

Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim..

Thereafter,  Plaintiff's subsequently filed a claim on his insurance policy.

13.    Defendant improperly denied and/or underpaid the claim.

14.    Defendant conducted a substandard investigation and inspection of the property, prepared

a report, which did not include all of the damages that were observed during the inspection, and

undervalued the damages observed during the inspection.

15.    Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included

Brazoria County. The impact of this storm caused roof and interior damage to Plaintiff's house.

The damaged roof caused water to enter the house. As a result, the water cracked and stained the

ceiling. Thereafter, Plaintiff filed a claim on his insurance policy.

16.    Defendant performed an outcome-oriented investigation of Plaintiff's claim.  Defendant's

(improper) claims handling included Defendant's biased claims adjustment, and an unfair and

inequitable evaluation of Plaintiff's losses on the property.   In addition, Defendant's claims

handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V.    CAUSES OF ACTION AND ATTORNEY'S FEES

17.    Plaintiff incorporates the foregoing for all purposes.

## A.    BREACH OF CONTRACT

18.    Plaintiff and Defendant entered into an insurance contract. Defendant breached this

contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance

claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.     PROMPT PAYMENT OF CLAIMS STATUTE**

19.     Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20.     In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     BAD FAITH**

21.     Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22.     Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

1.   Making statements misrepresenting the terms and/or benefits of the policy.

23.     Defendant also violated Section 541.060 by, without limitation:

1.   Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

2.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3.   Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4.   Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

5.   Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24.   Defendant violated Section 541.061 by, without limitation:

1.   Making an untrue statement of material fact;

2.   Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3.   Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4.   Making a material misstatement of law; and/or

5.   Failing to disclose a matter required by law to be disclosed.

25.   Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

26.   Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27.   Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.     TEX. R. CIV. P. 193.7 NOTICE.

29.     Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VII.     JURY DEMAND

30.     Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## VIII.     PRAYER

31.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: */s/ Anthony G.Buzbee*
    Anthony G. Buzbee
    State Bar No. 24001820
    tbuzbee@txattorneys.com
    Christopher J. Leavitt
    State Bar No. 24053318
    cleavitt@txattorneys.com
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, Texas 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909


    AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: */s/ Stephen R. Walker*
    Stephen R. Walker
    State Bar No. 24001820
    Texas Bar No. 24034729
    Gregory J. Finney
    Texas Bar No. 24044430
    Juan A. Solis
    Texas Bar No. 24103040
    6657 Navigation Blvd.
    Houston, TX 77011
    Phone: (713) 277-7838
    Fax: (281) 377-3924
    swalker@manuelsolis.com
    gfinney@manuelsolis.com
    jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Maily Burgess District Clerk

8/23/2019 1:44:24 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 36231569
By: HUTCHINSON, MIAEDA A
Filed: 8/23/2019 1:44:24 PM

## Marilyn Burgess

### HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

### Request for Issuance of Service

**CASE NUMBER:** _____  **CURRENT COURT:** _____

**Name(s) of Documents to be served:** PLAINTIFF'S ORIGINAL PETITION

**FILE DATE:** August 23, 2019 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** OCEAN HARBOR CASUALTY INSURANCE COMPANY

Address of Service: 1999 Bryan Street, Suite 900

City, State & Zip: Dallas, TX 75201-3140

Agent (if applicable) CT CORPORATION SERVICES

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

| | | |
|---|---|---|
| ☑ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citations Rule 106 Service |
| ☐ Citation Scire Facias | | Newspaper _____ | |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice |
| ☐ Protective Order | | |
| ☐ Secretary of State Citation ($12.00) | ☐ Capias (not an E-Issuance) | ☐ Attachment |
| ☐ Certiorari | ☐ Highway Commission ($12.00) | |
| ☐ Commissioner of Insurance ($12.00) | ☐ Hague Convention ($16.00) | ☐ Garnishment |
| ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | |
| ☐ Other (Please Describe) _____ | | |

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
☐ **ATTORNEY PICK-UP** (phone) _____     ☐ **E-Issuance by District Clerk**
☐ **MAIL to attorney** at: _____        **(No Service Copy Fees Charged)**
☐ **CONSTABLE**                     *Note*: The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents.
                          Visit www.hcdistrictclerk.com for more instructions.

☑ **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: COURT RECORD  Phone: 713227335

☐ **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Christopher Leavitt  Bar # or ID  24053318

Mailing Address: 600 Travis, Ste 7300, Houston, TX 77002

Phone Number: 713-223-5393



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK

## Civil Process Pick-Up Form

**CAUSE NUMBER:** 2019-59233

ATY_____   CIV ✓_____   COURT 165th

---

### REQUESTING ATTORNEY/FIRM NOTIFICATION

**\*ATTORNEY:** Christopher Leavitt   **PH:** 713-223-5393

**\*CIVIL PROCESS SERVER:** Court Record

**\*PH:** 713-227-3353   **BOX:** 07

**\*PERSON NOTIFIED SVC READY:** Julian.

**\* NOTIFIED BY:** C. Overton

**\*DATE:** 8-29-19

---

Type of Service Document: Cit   Tracking Number 73664363
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____
Type of Service Document:_____   Tracking Number_____

**Process papers prepared by:** C. Overton

**Date:** 8 / 29 /2019       **30 days waiting** 9 / 29 /2019

---

**\*Process papers released to:** _____
                                 (PRINT NAME)

**\*(CONTACT NUMBER)** _____       (SIGNATURE)
                                      Iris Collins

**\*Process papers released by:** _____
                                 (PRINT NAME)
                                 Iris Collins
                                 (SIGNATURE)

**\* Date:** 8/20 , 2019  **Time:** 9   AM / PM

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

**Entire document  must be completed**   **(do not change this document)**  Revised 1/9/2015

Marilyn Burgess - District Clerk Harris County
Envelope No. 36756372
By: Mercedes Ramey
Filed: 9/12/2019 1:39 PM

CAUSE NO.   201959233

RECEIPT NO.                    0.00      CIV
**********
TR # 73664363

PLAINTIFF: RODRIGUEZ, MARIO

      vs.

DEFENDANT: OCEAN HARBOR CASUALTY INSURANCE COMPANY

In The    165th
Judicial District Court
of Harris County, Texas
165TH DISTRICT COURT
Houston, TX

CITATION

THE STATE OF TEXAS
County of Harris

TO: OCEAN HARBOR CASUALTY INSURANCE COMPANY MAY BE SERVED THROUGH CT
    CORPORATION SYSTEM
    1999  BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3140
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>23rd day of August, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 29th day of August, 2019, under my hand and
seal of said Court.

<u>Issued at request of</u>:
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
<u>Bar No.</u>:  24053318

MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OVERTON, CAROLYN  L2Z//11310169

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____

_____

_____ of _____County, Texas

_____          By _____
          Affiant                                                                      Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

**CAUSE NUMBER: 2019-59233**

**MARIO RODRIGUEZ**
**PLAINTIFF**

**VS.**                                          **IN THE 165TH JUDICIAL DISTRICT**
                                                 **COURT OF HARRIS COUNTY, TEXAS**

**OCEAN HARBOR CASUALTY**
**INSURANCE COMPANY**
**DEFENDANT**

**AFFIDAVIT OF SERVICE**

BEFORE ME, the undersigned authority, on this day **D'ANN WATHEN**, personally appeared before me and stated under oath as follows:

My name is **D'ANN WATHEN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: 1320 QUITMAN ST. STE 100, HOUSTON, HARRIS COUNTY, TX 77009, U.S.A.

ON **Saturday August 31, 2019 AT 11:44 AM - CITATION, PLAINTIFF'S ORIGINAL PETITION**, came to hand for service upon **OCEAN HARBOR CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM**.

On **Tuesday September 10, 2019** at **12:00 PM** - The above named documents were hand delivered to: **OCEAN HARBOR CASUALTY INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM @ 1999 BRYAN ST. STE. 900, DALLAS, TX 75201**, **in Person.**by delivery to Kim Hightower, Designated Agent.

**FURTHER AFFIANT SAYETH NOT.**

**D'ANN WATHEN**
**PSC#6622 EXP 06/30/20**

**SWORN TO AND SUBSCRIBED** before me by **D'ANN WATHEN** appeared on this _____ day of SEPTEMBER, 2019 to attest witness my hand and seal of office.

CHRISTOPHER S WATHEN
Notary Public, State of Texas
Comm. Expires 04-15-2023
Notary ID 10486976

**NOTARY PUBLIC IN AND**
**FOR THE STATE OF TEXAS**
2019.08.407271

10/7/2019 10:49 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37426581
By: Ozuqui Quintanilla
Filed: 10/7/2019 10:49 AM

**CAUSE NO: 2019-59233**

| | | |
|---|---|---|
| **MARIO RODRIGUEZ** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **OCEAN HARBOR CASUALTY** | § | |
| **INSURANCE COMPANY** | § | **165TH JUDICIAL DISTRICT** |

**DEFENDANT OCEAN HARBOR CASUALTY INSURANCE COMPANY'S MOTION
TO TRANSFER VENUE, AND SUBJECT TO, VERIFIED ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Ocean Harbor Casualty Insurance Company ("Ocean Harbor"), and files its

Motion to Transfer Venue, and subject thereto, Verified Original Answer to Plaintiff's Original

Petition and Request for Disclosure, and respectfully shows the Court as follows:

**I.   MOTION TO TRANSFER VENUE TO BRAZORIA COUNTY**

**A.   INTRODUCTION**

1.      This is an insurance action relative to a property located at 2435 Davis Bend, Alvin,

Texas 77511 (the "Property").  The Property is located in Brazoria County, Texas.  Ocean Harbor

issued mobile owners' Policy no. SWM-300574-07 to Plaintiff covering the Property (the "Policy").

Plaintiff alleges that the Property was damaged by Harvey on or around August 27, 2017.  Plaintiff

filed an insurance claim with Ocean Harbor, and Ocean Harbor promptly and properly investigated

and adjusted the loss.

2.      Plaintiff's Original Petition asserts jurisdiction is proper in Brazoria County because

it is the county in which all or a substantial part of the events or omissions giving rise to the potential

claim or suit occurred.   Pet. at ¶ 10.  Yet, Plaintiff filed his lawsuit in Harris County, Texas.

3.      Undersigned counsel for Defendant has attempted to confer with Plaintiff's counsel

regarding the intended venue of this suit, but as of this filing, has had no response.

4.      As set forth below, venue is improper in Harris County because Brazoria County - the situs of the Property  because it is the mandatory venue for a suit seeking recovery for damages to real property.   Further, Brazoria County is the proper venue as the county in which all or a substantial part of the events or omissions giving rise to the claim or suit occurred.  Finally, in the event the Court finds Harris and Brazoria County are both proper venues, transfer to Brazoria County as the more convenient venue is appropriate.

**B.    GENERAL VENUE PRINCIPALS**

5.      Under Texas law, a plaintiff has the first choice to fix venue in a proper county, which is done by filing suit in the county of choice, and is ordinarily bound by this choice.  *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999).  Once challenged by a motion to transfer venue, however, a plaintiff bears the burden to present prima facie proof, by affidavit or other appropriate evidence, that venue is proper in the county of suit.  *See Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994).  If the plaintiff fails to discharge this burden, "the right to choose a proper venue passes to the defendant[.]"  *Id.* at 260 n.1.  The defendant "must then prove that venue is proper in the defendant's chosen county."  *In re Missouri Pac. R.R. Co.*, 998 S.W.2d 212, 216 (Tex.1999).

6.      That mandatory venue lies in another county provides one ground for a motion to transfer venue.  *See* Tex. R. Civ. P. 86(3)(b). If a plaintiff's chosen venue rests on a permissive venue statute and a defendant files a meritorious motion to transfer based on a mandatory venue provision, the trial court must grant the motion.  *See  Wichita County v. Hart*, 917 S.W.2d 779, 781 (Tex. 1996).

7.      Ocean Harbor's motion to transfer venue is filed concurrently with its original answer and is thus timely filed.  *See* Tex. R. Civ. P. 86; *see also* Tex. Civ. Prac. & Rem. Code § 15.063

("The court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue . . . .").

**C.**   **VENUE IS MANDATORY IN BRAZORIA COUNTY**

8.      Under Texas Civil Practice and Remedies Code § 15.002, venue is proper in: (1) the county in which all or a substantial part of the events or omissions giving rise to the claim occurred; (2) the county of defendant's principal office in this state; or (3) if subdivisions (1) and (2) do not apply, the county in which the plaintiff resided at the time of the accrual of the cause of action. Tex. Civ. Prac. & Rem. Code § 15.002(a).

9.      However, these general (or permissive) venue provisions give way in the event a mandatory venue statute applies. Tex. Civ. Prac. & Rem. Code § 15.011 provides that "[a]ctions for …for recovery of damages to real property…<u>shall</u> be brought in the county in which all or a part of the property is located." (emphasis added).   In this action, Plaintiff seeks recovery of damages to real property located in Brazoria County and thus venue is mandatory in Brazoria County. This mandatory venue statute has been found to apply even when a plaintiff's causes of action sound in contract. *See, e.g.*, *In re Signorelli Co.*, 446 S.W.3d 470, 473 (Tex. App.—Houston [1st Dist.] 2014).

**D.**   **ALTERNATIVELY, IF THE COURT FINDS THE MANDATORY VENUE STATUTE DOES NOT APPLY, VENUE IS PROPER IN BRAZORIA COUNTY**

10.      Alternatively, if the court finds the mandatory provision of Tex. Civ. Prac. & Rem. Code §15.011 does not apply, transfer of this case to Brazoria County is still proper. Plaintiff even pleads that Brazoria County is a proper venue because all or a substantial part of the events or omissions giving rise to the suit occurred in Brazoria County. Pet. at ¶ 10. However, Plaintiff filed the instant suit in Harris County. Ocean Harbor agrees with Plaintiff's assertion that all or a substantial part of the alleged acts or omissions complained of actually occurred in Brazoria County

– not Harris County. Harris County is not otherwise a proper venue under Chapter 15 of the Texas Civil Practice and Remedies Code, and Ocean Harbor objects to venue in Harris County.

11.     Plaintiff alleges Ocean Harbor violated the Texas Insurance Code by, *inter alia*, refusing to pay certain sums for repairs to the Property after a storm. Again, the Property is located in Brazoria County. As such, Ocean Harbor's activities during the course of the claim substantially occurred in Brazoria County. For example, the inspection and resultant estimate and scope of covered damage to the Property (of which Plaintiff now complains) occurred in Brazoria County.

**E.     ALTERNATIVELY, IF THE COURT FINDS HARRIS COUNTY IS A PROPER VENUE, BRAZORIA COUNTY IS A MORE CONVENIENT VENUE.**

12.     In the event that the Court finds that venue is proper and can be maintained in Harris County, Defendant hereby moves the Court to transfer venue to Brazoria County on the grounds that it is a more convenient county for venue for the causes of action asserted by Plaintiff in this suit. Pursuant to §15.002(b) of the Texas Civil Practice & Remedies Code, the Court may transfer a case for the convenience of the parties and witnesses. In this case, the Property is located in Brazoria County, Texas. Any inspections attendant to expert evaluation will need to occur at the Property in Brazoria County. As such, the balance of interest of all the parties predominates in favor of the action being transferred to Brazoria County, Texas and said transfer would not work an injustice to Plaintiff.

13.     Ocean Harbor hereby requests that this Motion to Transfer Venue be set for hearing, and that upon hearing, the Court grant the Motion and transfer venue from Harris County, Texas to Brazoria County, Texas.

## II.   DEFENDANT'S VERIFIED ORIGINAL ANSWER SUBJECT TO ITS MOTION TO TRANSFER VENUE

**i.   GENERAL DENIAL**

1.1     Ocean Harbor Casualty Insurance Company asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove his charges and allegations against Ocean Harbor Casualty Insurance Company by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**ii.   DENIAL OF CONDITIONS PRECEDENT**

2.1     The Policy contains certain conditions that have not been satisfied that bar Plaintiff's recovery, in whole or in part:

    **a.   *No Action Clause***

2.2     The Policy specifically provides, as conditions precedent to property loss coverage, that no suit can be brought against Ocean Harbor unless certain Policy provisions have been complied with, including, but not limited to protection of the insured property, cooperation in the claim, show the damaged property as often as reasonably required, and a signed and sworn proof of loss, as defined by the Policy.

2.3     Plaintiff's failure to comply with these provisions constitutes a breach of the "no action" clause. Accordingly, Plaintiff is barred from proceeding with his lawsuit and from recovering damages, attorneys' fees, interest or other amounts from Ocean Harbor.

    **b.   *Loss During the Policy Period***

2.4     The Policy does not cover damages which occurred prior to Policy inception regardless of whether such damages were apparent at the time of the inception of the Policy or discovered at a later date. To the extent that any part of the loss which Plaintiff complains did not occur during the applicable policy period, the Policy provides no coverage for same.

4833-7458-4744.1

2.5     The Policy does not cover claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to Policy inception.

**c.     *Loss Above the Deductible***

2.6     Ocean Harbor's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the Policy deductible. If there is an obligation to pay, it applies only to the amount of covered loss that exceeds the deductible.

### iii.    VERIFIED DENIAL

3.1     Ocean Harbor asserts that Plaintiff's action is not just. Specifically, Plaintiff prematurely asserts causes of action against Ocean Harbor for Breach of Contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices Act based on Ocean Harbor's handling of his insurance claim and it's alleged "wrongful denial and/or underpaying" of his claim. However, this suit was filed needlessly after the Plaintiff invoked appraisal and designated his appraiser and after Ocean Harbor named its appraiser and agreed to engage in appraisal. The filing of this lawsuit has caused both Plaintiff and Ocean Harbor to unnecessarily incur additional costs and attorneys' fees. Appraisal remains ongoing. Accordingly, any damages and/or relief sought are improper and unjust.

### iv.    DEFENSES

4.1     Ocean Harbor Casualty Insurance Company denies that the required conditions precedent were performed and/or occurred.

4.2     The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom Ocean Harbor had no control, including but not limited to Plaintiff, therefore, Ocean Harbor is not liable to Plaintiff.

4.3     Ocean Harbor Casualty Insurance Company issued policy no. SWM-300574-07 to Mario Rodriguez for the property located at 2435 Davis Bend, Alvin, Texas 77511 with limits of liability of $20,000 for the dwelling; $5,000 for adjacent structures; $14,000 for contents; and $4,000 for loss of use. Ocean Harbor adopts its terms, conditions and exclusions as if copied *in extenso*.

4.4     The Policy requires direct, sudden and accidental loss.

4.5     The Policy does not cover loss caused by flood pursuant to the OHMF43TX-1209 Flood Exclusion Warning Endorsement in the Policy, which provides:

**THE COVERAGE PROVIDED BY THIS POLICY DOES NOT INSURE LOSS YOU INCUR CAUSED BY FLOOD.**

**EXCLUSIONS APPLYING TO SECTION I – PROPERTY COVERAGES**
**A.  Exclusions Applicable To All Coverages,** Exclusion 3. is changed to read:
3.    for loss caused by, resulting from, contributing to or aggravated by any of the following:
    a.    flood water, surface water, waves, tidal water or overflow of a body of water or spray from any of these whether or not driven by wind; or
    b.    water or sewage which backs up through sewers or drains or which overflows from a sump; or
    c.    water below the surface of the ground.  This includes water which exerts pressure on or flows, seeps or leaks through any part of your dwelling or other structure, foundation, sidewalk, driveway or swimming pool.

This exclusion applies whether or not there was widespread damage and whether or not it was caused by a human activity or an act of nature.

This exclusion does not apply to ensuing loss caused by fire or explosion.

**All other policy provisions apply.**
* * *

4.6     Ocean Harbor is entitled to any credits or set-offs for prior payments by Ocean Harbor or other third parties.

4.7     To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

4.8     Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

4.9     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

4.10    Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual claims under common law, the Texas Deceptive Trade Practices Act, and the Texas Insurance Code. Because Plaintiff's allegations are generally based on Defendant's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual claims.

4.11    To the extent Plaintiff has failed to carry his burden to segregate the damage attributable solely to Hurricane Harvey, those damages are not recoverable.

4.12    The Policy does not cover medical payments to anyone who regularly resides at the property.

4.13    The Policy does not cover damage which is due and confined to defective manufacture, freezing, wear and tear, or mechanical or electrical breakdown or failure.

4.14    The Policy does not cover loss caused by, resulting from, contributed to or aggravated by water which backs up through sewers or drains; water below the surface of the ground including that which exerts pressure on or flows, seeps or leaks through sidewalks, driveways, foundations, walls, basement or other floors or through open doors, windows, or any other openings such as sidewalks, driveways, foundations, walls or floors.

**v.    REQUEST FOR DISCLOSURE**

Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

### III.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Ocean Harbor Casualty Insurance Company, hereby requests that this Motion to Transfer Venue be set for hearing, and that upon hearing, the Court grant the Motion and transfer venue from Harris County, Texas to Brazoria County, Texas.  Defendant further respectfully prays that Plaintiff take nothing by his  suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which Ocean Harbor Casualty Insurance Company may be justly entitled.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP
*/s/ Sarah R. Smith*
Sarah R. Smith
Texas State Bar No. 24056346
Sarah C. Plaisance
Texas State Bar No. 24102361
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
sarah.plaisance@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT,
OCEAN HARBOR CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 7th day of October, 2019.

Anthony G. Buzbee
Christopher  J. Leavitt
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300
Houston,  Texas 77002
tbuzbee@txattorneys.com
cleavitt@txattorneys.com
www.txattorneys.com
*Attorneys for Plaintiff*

*Via Eserve*

/s/ Sarah R. Smith
Sarah R. Smith

## <u>VERIFICATION</u>

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned authority, on this day personally appeared Sarah C. Plaisance,

attorney for Ocean Harbor Casualty Insurance Company, who being by me first duly sworn did on

her oath depose and say that she has read the above and foregoing pleading, *Defendant's Verified*

*Original Answer Subject to Its Motion to Transfer Venue*, and the statements contained therein are,

to the best of her knowledge, information and belief, true and correct.

_____
Sarah C. Plaisance

SUBSCRIBED AND SWORN TO BEFORE ME this October 7, 2019

_____
Notary Public, State of Texas

Debbie A. Trevino
_____
Printed Name of Notary

My Commission Expires: 07-05-2020

DEBBIE A. TREVINO
Notary Public, State Of Texas
Notary ID 1006407-5
My Comm. Exp. 07-05-2020