United States District Court
Southern District of Texas
**ENTERED**
January 17, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Mario Rodriguez, § | |
|     Plaintiff, § | |
| § | |
| v. § | Civil Action H-19-4034 |
| § | |
| Ocean Harbor Casualty Insurance § | |
| Company, § | |
|     Defendant. § | |

# Memorandum and Recommendation

Rodriguez sued Ocean Harbor Casualty Insurance Company (Ocean Harbor) in the 165th District Court of Harris County, Texas. (D.E. 1.) Ocean Harbor timely removed the case to federal court based on diversity jurisdiction. *Id.*

Pending before the court is Rodriguez's motion to remand (D.E. 5) and Ocean Harbor's Response. (D.E. 7.) The court recommends that Rodriguez's motion to remand be denied.

## 1. *Law*

A defendant may remove a civil action from state court if the federal courts would have had original jurisdiction had the action been filed in federal court. 28 U.S.C. § 1441(a); *In re Deepwater Horizon*, 745 F.3d 157, 162 (5th Cir. 2014). The defendant "has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). "[O]perative facts and pleadings are evaluated at the time of removal." *In re Deepwater Horizon*, 745 F.3d at 163.

Federal district courts have original jurisdiction over civil actions between citizens of different States, in which the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The amount in controversy is ordinarily

determined on the basis of "the sum demanded in good faith in the initial pleading." 28 U.S.C. § 1446(c)(2). A demand made in bad faith does not control. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995). A demand is made in bad faith if its purpose is to defeat federal jurisdiction. *Id.* "Where a plaintiff's bad-faith damages statement does not control, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gloria v. Allstate Vehicle & Prop. Ins. Co.*, No. 5:18-CV-00073, 2018 WL 8807407, at *2 (S.D. Tex. Nov. 2, 2018).

"[O]nce a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar*, 47 F.3d at 1412. To make such a showing of legal certainty, Texas plaintiffs must file a binding stipulation or affidavit with the original state petition. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998) ("[I]n Texas—'litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints.'"). A stipulation filed after removal is irrelevant to the court's analysis. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *Elizondo v. Pilgrim's Grp., Inc.*, 100 F.3d 952 (5th Cir. 1996).

2. *Analysis*

The parties do not dispute that they are citizens of different states. The sole issue is whether the amount in controversy exceeds $75,000.

Rodriguez argues that remand is justified because his original state petition sought damages less than $75,000. (D.E. 5 at 1.) Rodriguez stated in the original state petition that he seeks monetary relief under $100,000 not to exceed $74,000, exclusive of interests and costs. (D.E. 1-2 at 2.) The Texas Rules of Civil Procedure do not allow plaintiffs to request a specific amount of damages beyond one of the ranges set forth in Rule 47. *See* Tex. R. Civ. P. 47(c); *Hernandez Jimenez v. Geovera Specialty Ins. Co.*, No. CV H-19-3970, 2019 WL

6910144, at *2 (S.D. Tex. Dec. 19, 2019). Accordingly, Rodriguez's allegation that his claims do not exceed $75,000 is an attempt to avoid federal diversity jurisdiction. *See Hernandez Jimenez*, 2019 WL 6910144, at *2. The allegation of damages in Rodriguez's original state petition was made in bad faith and does not control the amount in controversy. *De Aguilar*, 47 F.3d at 1410.

Ocean Harbor argues that Rodriguez's pre-suit demand letter shows the amount in controversy at the time of filing this action exceeded $75,000. The letter demanded $25,315.78, stating that Rodriguez "has incurred economic damages of $21,915.78," in addition to attorney's fees and other costs. (5-1 at 2) The letter also stated that Rodriguez would not seek more than $75,000 if he sued, but that promise is non-binding because Rodriguez did not file a binding stipulation along with the original state petition. *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18. Rodriguez seeks exemplary damages, treble damages, and attorney's fees, in addition to the actual damages. Assuming that the actual damages are $21,915.78, treble damages alone would be more than $65,000. Adding attorney's fees and other exemplary damages would thus raise the amount in controversy above the $75,000 threshold. Therefore, the court finds that Ocean Harbor has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time Rodriguez filed the action.

This conclusion is consistent with the outcome in another recent case in this district. In *Abascal v. United Prop. & Cas. Ins. Co.*, No. 4:18-CV-03930, 2019 WL 3229174 (S.D. Tex. July 18, 2019), the court found that the amount-in-controversy requirement was met where the plaintiff's original petition stated $19,303.41 in economic damages. The court found that the amount in controversy exceeded $75,000 because the plaintiff, in addition to economic damages, sought compensatory damages, treble damages, and attorneys' fees, among others. *Id.* at *2. Here too, Rodriguez's pre-suit demand for $25,315.78 shows that the amount in controversy meets the jurisdictional threshold.

3

Because Ocean Harbor has shown that the amount in controversy exceeds $75,000, Rodriguez's motion to remand must be denied unless Rodriguez shows it is legally certain that his recovery will not exceed the amount stated in the state complaint. *De Aguilar*, 47 F.3d at 1412. Rodriguez has not made that showing because he did not file a binding stipulation or affidavit with his original state petition. *See St. Paul Reinsurance*, 134 F.3d at 1254 n.18. He stipulated to the damages only after removal. (D.E. 5-2.) Such post-removal stipulation is irrelevant to the jurisdictional analysis.

### 3. Conclusion

The court recommends that Rodriguez's motion to remand be denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 16, 2020.

Peter Bray
United States Magistrate Judge