United States District Court
Southern District of Texas
**ENTERED**
March 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Mario Rodriguez,<br>     Plaintiff,<br><br>v.<br><br>Ocean Harbor Casualty<br>Insurance Company,<br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-19-4034 |

# Report and Recommendation

Mario Rodriguez filed this insurance action against Ocean Harbor Casualty Insurance Company (Ocean Harbor) alleging that, after Hurricane Harvey in 2017, Ocean Harbor conducted a substandard investigation of his storm damage claim and undervalued the loss. (D.E. 1-2 at 5.)

After paying the amount awarded by appraisal, Ocean Harbor filed a motion for summary judgment. (D.E. 18.) The court recommends that the motion be granted.

*1. Background*

Rodriguez purchased a mobile home insurance policy for the period June 30, 2017, to June 30, 2018. (D.E. 18-1 at 2.) On September 6, 2017, Rodriguez filed a claim for storm loss occurring on August 27, 2017. (D.E. 18-2 at 2–3.) An adjuster inspected Rodriquez's property on September 19, 2017. *Id.* at 5. On October 6, 2017, Ocean Harbor notified Rodriguez that the adjuster's damage estimate fell below the policy deductible and that other claimed damages were excluded from coverage. *Id.* at 5.

Rodriguez retained counsel who sent Ocean Harbor a pre-suit notice and demand letter on July 17, 2018. (D.E. 18-3 at 2–3.) A year later, on July 2, 2019, Rodriguez's counsel invoked appraisal. (D.E. 18-4 at 2.) Before the appraisal award issued, Rodriguez filed this action in state court against Ocean Harbor on August 23, 2019,

raising claims for breach of contract, bad faith, and violation of the Texas Prompt Payment of Claims Act (TPPCA). (D.E. 1-2.) Defendant removed the case to federal court. (D.E. 1.)

On October 16, 2019, the appraisal award issued in the amount of $7,396.06 in replacement cost value. (D.E. 18-2 at 14.) On October 23, 2019, Ocean Harbor sent Rodriguez a payment in the amount of $6,460.32, which was the appraisal amount less depreciation and the policy deductible. (D.E. 18-2 at 16–17.)

Ocean Harbor filed a motion for summary judgment on August 10, 2020. (D.E. 18.) Ocean Harbor attached multiple exhibits, including the claim decision letter and the appraisal award. *Id.* Rodriguez belatedly filed a response with leave of court, attaching a litigant's brief opposing summary judgment filed in an unrelated Texas state court case and that court's order denying summary judgment. (D.E. 20, D.E. 21.) Rodriguez attached no evidence. (D.E. 21.) Ocean Harbor timely replied. (D.E. 22.) Other than the appraisal award itself, which will be discussed below, the court does not have before it any evidence at all to show the damages to Rodriguez's property, the causation of any damages, or the cost to repair damages covered by the policy.

On January 14, 2021, the court heard the parties' oral arguments on summary judgment and set a deadline for the submission of additional authority. (D.E. 24.) Ocean Harbor filed an advisory that identified additional caselaw for the court's consideration. (D.E. 25.) Ocean Harbor's motion for summary judgment is ripe for review.

2. *Summary Judgment Standard of Review*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the nonmoving party based on the

complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). If this burden is met, the nonmovant must then "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must "go beyond the pleadings," using competent summary judgment evidence to cite to "specific facts" showing a genuine issue for trial. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010) (quoting *Celotex Corp.*, 477 U.S. at 324). The court reviews all evidence and reasonable inferences in the light most favorable to the nonmoving party. *Lincoln Gen. Ins. Co.*, 401 F.3d at 350.

3. Analysis

   A. Breach of Contract

Ocean Harbor argues that it did not breach the insurance contract because it timely paid the appraisal award. (D.E. 18 at 4.) Rodriguez argues Ocean Harbor "is liable for breach of contract because [it] breached the underlying policy" by "attempt[ing] to grossly undervalue the damage to the Property following the loss." (D.E. 21 at 8.)

In 2019, the Supreme Court of Texas held that "the insurer's payment of the [appraisal] award bars the insured's breach of contract claim premised on failure to pay the amount of the covered loss." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 129 (Tex. 2019). There are two reasons for this. First, an appraisal award does not "serve to establish a party's liability (or lack thereof)." *Id.* at 132. An appraisal award does not demonstrate that an insurer breached the insurance contract by failing to pay the covered loss. "If it did, insureds would be incentivized to sue for breach every time an appraisal yields a higher amount than the insurer's estimate . . . thereby encouraging litigation

3

rather than 'short-circuiting' it as intended." *Id.* at 133. Second, the appraisal process is part of the insurance contract. "Having invoked the agreed procedure for determining the amount of loss, and having paid that binding amount, [the insurer] complied with its obligations under the contract." Thus, the law in Texas is "that an insurer's payment of an appraisal award in the face of . . . allegations of pre-appraisal underpayment forecloses liability on a breach of contract claim." *Id.* at 132 (collecting cases).

Because Rodriguez's argument focuses on Ocean Harbor's initial decision to deny the claim, it fits squarely within the bar under Texas law against breach of contract claims based on pre-appraisal underpayment. *See Ortiz*, 589 S.W.3d at 132.

### B. Bad Faith

Ocean Harbor argues that, because it paid the appraisal award, Rodriguez did not sustain any actual damages to support his bad faith claims. (D.E. 18 at 9.) Rodriguez argues that Ocean Harbor, by "grossly undervaluing the damage to [his] Property[,] constituted fraud in that [the] original estimate was a false and material misrepresentation which Ocean Harbor either knew was false or made . . . recklessly with disregard for the truth." (D.E. 21 at 8.)

The Texas Insurance Code allows a private right of action for damages for a person who sustains actual damages because of an insurer's unfair method of competition or deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.151 (West 2011). The statute allows recovery of "actual damages, plus court costs and reasonable and necessary attorney's fees" and, if the insurer acted knowingly, up to "three times the amount of actual damages." Tex. Ins. Code § 541.152; *Ortiz*, 589 S.W.3d at 134. A litigant must prevail on the claim and recover actual damages to be entitled to attorney's fees and an additional award up to three times the amount of the damages. *Ortiz*, 589 S.W.3d at 135.

Rodriguez has already received all the benefits to which he is entitled under the insurance contract by virtue of the appraisal award payment. He does not argue or present any evidence of damages

4

outside of his entitlement to benefits under the policy. Because Rodriguez offers no evidence of actual damages independent of policy benefits, which were decided by appraisal and paid, he may not pursue his bad faith claims. *See Perry v. United Servs. Auto. Assoc.*, 602 S.W.3d 915, 917 n.2 (Tex. 2020) (citing *Ortiz*, 589 S.W.3d at 135).

### C. TPPCA

Ocean Harbor argues that it complied with the TPPCA because, in the pre-suit handling of Rodriguez's claim, Ocean Harbor complied with the TPPCA deadlines and, after appraisal, tendered payment within five days of receiving notice of the award. (D.E. 18 at 10–11.) Rodriguez argues that "[a]ppraisal has no impact whatsoever on TPPCA analysis." (D.E. 21 at 7.) The issue before the court is whether Ocean Harbor's initial denial of Rodriguez's claim followed by payment of the appraisal award a little more than two years after the loss violated the TPPCA.

"The TPPCA establishes a number of deadlines for insurance companies to process claims and penalizes a failure to meet its deadlines by assessing interest on the claim at the rate of eighteen percent per annum and the payment of the insured's attorney's fees." *Crayton v. Homeowners of Am. Ins. Co.*, No. 02-20-00037-CV, 2020 WL 7639582, at *4 (Tex. App.—Fort Worth Dec. 23, 2020, no pet.) (citing Tex. Ins. Code §§ 542.051–542.061). A TPPCA claim requires proof: "(1) [of] a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of [the TPPCA] with respect to the claim." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 824 (Tex. 2019) (quoting *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001), *judgment withdrawn and superseded on reh'g by* No. 00-0282, 2001 WL 1412951 (Tex. June 21, 2001)).

The TPPCA's text does not integrate the appraisal process into its deadlines. *Crayton*, 2020 WL 7639582, at *5 (interpreting *Barbara Techs. Corp.*, 589 S.W.3d at 817). The Supreme Court of Texas explained the interrelation of the appraisal process and the TPPCA:

5

> [N]othing in the TPPCA suggests that the invocation of a contractual appraisal provision alters or suspends any TPPCA requirements or deadlines. Rather, under the TPPCA, until an insurer is determined to owe the claimant benefits and thus is liable under the policy—either by accepting the claim and notifying the insured that it will pay[] or through an adjudication of liability—the insurer is required to pay nothing, is subject to no payment deadline, and is not subject to TPPCA damages for delayed payment.

*Barbara Techs. Corp.*, 589 S.W.3d at 822 (citing Tex. Ins. Code § 542.060(a)). In a case issued on the same day as *Barbara Technologies Corp.*, the Supreme Court of Texas stated that "appraisal awards do not serve to establish a party's liability (or lack thereof)" but, rather, "contractually resolve a particular type of dispute among insurers and insureds: the amount of the covered loss." *Ortiz*, 589 S.W.3d at 132.

In a thorough and well-reasoned opinion, the Court of Appeals of Texas, Fort Worth, addressed the very issue facing this court. *See Crayton*, 2020 WL 7639582, at *1. Based on its interpretation of *Barbara Technologies Corp.* 589 S.W.3d at 806, the court of appeals held that the defendant's payment of the appraisal award neither "constitute[d] a retroactive acceptance of [the insured's] claim that triggered the TPPCA's deadlines" nor "ha[d] probative value as to whether [the insurer's] original claim decision was in error such that it raised a fact issue as to [the insurer's] liability." *Crayton*, 2020 WL 7639582, at *2. The court rejected using a comparison of the initial adjustment with the appraisal award as evidence of liability, concluding instead that "using the appraisal results as evidence that the insurer is liable contravenes the rationale of *Barbara Technologies* that places TPPCA deadlines and the appraisal process in separate realms." *Id.* at *15.

Adopting this reasoning, Rodriguez may not rely on the appraisal award or Ocean Harbor's payment of it to raise a fact issue on Ocean Harbor's liability. Rodriguez points to no other evidence in support of the second element of a TPPCA claim. Again, he submitted

6

no evidence at all. Absent evidence that Ocean Harbor was liable under the policy, Rodriguez's TPPCA claim does not survive summary judgment. *See Bustos*, 599 F.3d at 468.

*4. Conclusion*

Because Rodriguez fails to produce evidence demonstrating a genuine dispute of material fact on any of his claims, the court recommends that Ocean Harbor's motion for summary judgment be granted.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on March 3, 2021.

_____
Peter Bray
United States Magistrate Judge